627 A.2d 808

**Brian ARNOTT, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SHEEHY FORD SALES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 29, 1993.

Decided June 2, 1993.

Reargument Denied Aug. 3, 1993.

Allen L. Feingold, for petitioner.

William F. Sweeney, for respondent.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

COLINS, Judge.

Brian Arnott (claimant) petitions for review of the July 28, 1992 order of the Workmen's Compensation Appeal Board (Board), affirming the referee's April 1, 1991 decision which: (1) dismissed the petition to terminate claimant's compensation benefits filed by Sheehy Ford Sales, Inc. (employer); but

(2) granted employer's petition for review, treating it as a petition for suspension of benefits under The Pennsylvania Workmen's Compensation Act (Act).[1] We affirm.

This matter came before the Board three times as a result of a procedural history that is detailed by the referee in his findings of fact as follows:

### FINDINGS OF FACT

1. The eight year history of this matter has been a procedural quagmire, marked by multiple appeals within the workers compensation system and exhibits and testimony which have seemingly disappeared. As a complete understanding of the procedural history is required to grasp the issues, it is offered below as follows:

(a) On November 21, 1980, Brian Arnott sustained a work-related injury while in the employ of the Defendant, Sheehy Ford (hereinafter, 'Sheehy');

(b) Sheehy accepted responsibility for the work injury and issued a Notice of Compensation Payable on December 22, 1980 for weekly benefits of $121.00;

(c) In a Supplemental Agreement executed on January 6, 1981, the Defendant acknowledged that the Claimant's entitlement to weekly compensation benefits had been erroneously computed. Upon computing an average weekly wage of $187.54, a weekly compensation rate of $125.03 was deemed properly due and owing;

(d) In Petitions for Review and Termination filed by Sheehy and received by the Bureau on March 14, 1983, the employer alleged that Arnott 'fully recovered from his injury as of October 1, 1981 or earlier,' and/or 'became employed at a job in the broadcasting field at a wage equal to or greater than his pre-injury wage....';

(e) In a decision and Order issued on June 30, 1986, Referee Walter Leonard, Jr. 'DISMISSED' the Petitions of Sheehy, concluding in pertinent part that Sheehy had failed 'to proceed with the evidence';

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

(f) An appeal of the June 30, 1986 decision of Referee Leonard was filed by Sheehy to the Workmen's Compensation Appeal Board (hereinafter, the 'Board');

(g) In an Order dated July 8, 1987, the Board found itself 'not in a position to write an Opinion [or review this matter] due to missing testimony....' The matter was remanded to the Referee to 'recreate the transcripts ...';

(h) Upon remand, this Referee held hearings to reproduce earlier testimony. After finding that testimony of witnesses and/or arguments made on April 14, 1983, July 13, 1983, September 21, 1983 and July 19, 1984 were irretrievably lost and would not be reconstructed, the Referee certified the record as consisting solely of the hearing transcripts of January 9, 1984 and April 11, 1984;

(i) Upon further appeal by Sheehy, the Board 'vacated' the decision of Referee Leonard issued on June 30, 1986. In addition, the Board allowed 'both parties ... to submit into the record any evidence regarding Claimant's employment in California ...' and directed the Referee to issue 'a new set of Findings of Fact, Conclusions of Law, and Order' based on the merits of the issues;

(j) In a hearing before this Referee on December 6, 1990, Sheehy introduced exhibits DR–1 thru D–4 to be considered with the prior testimony of Ennis Coleman, Jerry Miller, James Stewart, and Keith William Matlock.

2. The unrebutted testimony of Ennis Coleman, Jerry Miller, James Stewart, and Keith William Matlock is deemed fully persuasive and credible.

3. The Referee finds that at least by January 9, 1983, Brian Arnott was employed as a radio broadcaster and licensed engineer at a radio station in Brawley, California. A full explanation of the reasons underpinning this finding is offered below.

4. The Claimant did not appear at any hearings in this matter to offer testimony.

5. The Referee finds that the Claimant did not inform the Defendant of his return to employment and refused to

appear at workers' compensation hearings despite a subpoena served by Sheehy to compel his appearance.

## DISCUSSION

. . . .

The sole issue on which testimony exists and which this Referee can offer findings is whether Arnott returned to the work force, and the effect thereof.

A review of the prior decision indicates that Referee Leonard identified the evidence of the Claimant's employment, describing same as 'not substantial.' However, no pertinent findings or conclusions on the issue were offered. Moreover, the Board by Order dated July 24, 1990 'vacated' the aforesaid decision, and 'ordered' this Referee 'to issue a *new set* of Findings of Fact, Conclusions of Law, and Order.' (Emphasis added). The Referee, therefore, is not bound by prior findings in this matter.

Upon review of the testimony and exhibits, the Referee is fully satisfied that Sheehy has established by competent and credible evidence that Arnott returned to work at least by January 9, 1983.

Ennis Coleman, district manager of the Philadelphia office of the Federal Communications Commission, testified that in 1983, records established that Arnott was employed as the chief engineer of a radio station in Brawley, California. Moreover, Jerry Miller surveilled and filmed Arnott working at radio station KAOP in January and February, 1983. Finally, James Stewart and Keith Matlock identified Arnott as the individual in still photographs taken from the surveillance film.

The unrebutted testimony of Coleman, Stewart, and Matlock is deemed fully credible.

. . . .

In the matter at bar, Sheehy has established that Arnott was employed at least by January 9, 1983 in the field of radio broadcasting and failed to inform the Defendant of

this fact. The Referee finds the Claimant's work substantial and of such a nature as to rebut the presumption of the Claimant's total disability.

In essence, Arnott's own actions establish a regained ability to perform work activity within his physical, educational, and vocational capacity. That the Claimant found this work position on his own should make no theoretical difference than if such a position had been secured or referred the Claimant by an employer under the guise of vocational rehabilitation. See *Kachinski v. W.C.A.B.*, 516 Pa. 240, 532 A.2d 374 (1987).

. . . .

Simply stated, the record is clear and the Referee so finds that Arnott has *not* been cooperative in informing the employer of his return to work, nor has he provided any evidence to challenge the Defendant's testimony.

. . . .

A review of the entire administrative record and/or the record of the Bureau indicates that the Defendant has not submitted evidence that the outstanding Notice of Compensation issued in this matter on December 22, 1980 was modified, suspended or altered in any respect as permitted in Sections 408 or 413 of the Act.

There is nothing to indicate that the Defendant's decision to cease weekly compensation benefits was acknowledged by a Final Receipt, Supplemental Agreement, the filing of a Petition to Terminate pursuant to Section 413(c), a decision of the Bureau, or a Petition to Set Aside the Notice of Compensation.

In essence, the Defendant's unilateral decision to cease weekly compensation benefits without execution of some form of written agreement or Order of the Bureau amounts to an unauthorized supersedeas. *Baksalary et al. v. Smith,* 579 F.Supp. 218 (E.D., Pa., 1984) and 591 F.Supp. 1279 (E.D., Pa., 1984).

. . . .

While Sheehy may arguably have violated the Act in stopping weekly payments, the Referee notes that no Penalty Petition has been filed. Moreover, Sheehy has prevailed on its underlying Petition that no weekly indemnity benefits after January 9, 1983 remain due and owing.

## CONCLUSIONS OF LAW

1. All parties are governed pursuant to the requirements of the Pennsylvania Workmen's Compensation Act, as amended.

2. The Petition for Review filed by Sheehy Ford shall be treated as a Petition for Supersedeas.

3. Sheehy Ford has established that as of January 9, 1983, Brian Arnott returned to the work force at wages equal to or greater than his pre-injury wage.

4. Sheehy Ford has not met its burden to establish that the Claimant's work-related disability of November 21, 1980 fully resolved and terminated.

5. The contest of this matter by Sheehy Ford was fully reasonable.

Based on the foregoing conclusions, the referee dismissed employer's petition to terminate claimant's benefits, but granted employer's petition for review after considering it a petition to suspend claimant's benefits effective January 9, 1983, which decision was affirmed by the Board. This appeal followed.

First, claimant argues that employer violated Section 413(b) of the Act, 77 P.S. § 774.1,[2] by unilaterally suspending claim-

2. Section 413(b) of the Act, 77 P.S. § 774.1, provides as follows:
   Any insurer who suspends, terminates or decreases payments of compensation without submitting an agreement or supplemental agreement therefor as provided in section 408, or a final receipt as provided in section 434, or without filing a petition and either alleging that the employe has returned to work at his prior or increased earnings or where the petition alleges that the employe has fully recovered and is accompanied by an affidavit of a physician on a form prescribed by the department to that effect which is based upon an examination made within fifteen days of the filing of the petition

ant's benefits as of January 1982, without having submitted a final receipt, supplemental agreement, or termination petition. As a result of the foregoing action, avers claimant, employer owes claimant benefits for the period between January 1982 and April 1, 1991, the date of the referee's order authorizing suspension of benefits.

Second, claimant maintains that no substantial evidence of record supports the referee's finding that employer established claimant's return to work without loss of earnings as of January 9, 1983, thereby rebutting the presumption of claimant's total disability and continuing economic impairment. In this respect, it is claimant's position that the referee abused his discretion in relying solely on surveillance films to support the aforementioned findings of fact and legal conclusions.

Further, claimant argues that once the initial referee determined that employer had "closed its case" without presenting evidence regarding claimant's wages and medical condition, the Board erred in remanding the matter to a new referee who issued new findings without receiving additional evidence. Finally, claimant alleges that considering employer's unauthorized suspension of his benefits, along with what claimant avers to be no reasonable basis for employer's contest, the referee erred in refusing to award penalties against employer, especially since claimant's attorney requested such relief in writing.

"Our scope of review is limited to determining whether [claimant's] constitutional rights have been violated, whether an error of law has been committed and whether all necessary factual findings are supported by substantial evidence." *King v. Workmen's Compensation Appeal Board (Wendell H. Stone Company)*, 132 Pa.Commonwealth Ct. 292, 294, 572 A.2d 845, 846 (1990).

■ Although the record may be deficient as suggested by its reference to the necessity of reconstructing, as it were, missing evidence, nevertheless, after having considered that portion of the record available for review, we find that sub-

or having requested and been granted a supersedeas as provided in this section, shall be subject to penalty as provided in section 435.

stantial evidence exists to support the Board's decision. Specifically, the record indicates that on or about January 12, 1982, the Board had directed claimant to submit to a physical examination before a physician selected by employer, within 30 days from the date of that order. Irrespective of this order, claimant's attorney cancelled two scheduled appointments for claimant's physical examination. Subsequently, employer suspended its payment of claimant's benefits and in March 1983, filed Petitions for Review and Termination, alleging that as of October 1, 1981, or earlier, claimant had fully recovered and/or "became employed at a job in the broadcasting field [in California] at a wage equal to or greater than his pre-injury wage...." Although Referee Leonard's 1986 decision stated that employer had abandoned the foregoing petitions, the Board disagreed and in July 1990, vacated the 1986 decision and order, and remanded the matter to Referee Olin to afford employer "an opportunity to pursue its Petitions because [employer] never abandoned the prosecution of this case." The Board's 1990 order also directed the parties to submit into the record on remand any evidence relevant to claimant's employment in California and to the availability of California jobs that claimant could perform.

The record indicates that only the employer submitted evidence at the remand hearing held before Referee Olin, resulting in the latter's April 1991 decision in favor of employer. We concur with the Board's July 1992 affirmance of this decision as it noted that "claimant never testified in any of the proceedings nor did he present any witnesses." Unarguably, the record shows that Referee Olin's findings of fact, discussion and conclusions of law specifically evaluated employer's exhibits and testimony, and found them to be "substantial" and "unrebutted" in establishing claimant's regained ability to perform work and the fact of claimant's actual employment.

Therefore, although it is not the policy of this Court to endorse an unauthorized supersedeas, such as employer's unilateral decision to cease paying claimant's benefits in 1982 without a written agreement or official order, we nonetheless concur with the referee's denying claimant retroactive benefits

between said unilateral suspension and April 1991, when Referee Olin ordered the suspension of benefits. In this regard, the referee notes and we agree that claimant never raised this issue through filing a petition seeking imposition of penalties against employer for unilaterally suspending benefits in violation of Section 413(b) of the Act, 77 P.S. § 774.1. An analogous issue arose in *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 127 Pa.Commonwealth Ct. 587, 562 A.2d 437 (1989), where Williams was denied retroactive benefits based upon his employer's "unilateral cessation of compensation" because of his failure to raise the issue on appeal to the Board. Moreover, this Court traditionally has held that even where the record indicates that employer violated the Act, a penalty is not automatic but is left to the discretion of the referee. *Ortiz v. Workmen's Compensation Appeal Board (Fair Tex Mills, Inc.)*, 102 Pa.Commonwealth Ct. 493, 518 A.2d 1305 (1986). In the present matter, the referee found that claimant's aforementioned failure to file a formal petition for penalties and counsel fees, coupled with employer having successfully established that, as of January 9, 1983, claimant had obtained a job in broadcasting, constituted a reasonable basis for denying claimant penalties and counsel fees. The referee's additional finding that claimant was not "cooperative in informing the employer of his return to work nor has he provided any evidence to challenge the Defendant's testimony" buttresses the already existing substantial evidence supporting the denial of retroactive benefits.

■ We must also disagree with claimant's argument that the record does not support the referee's finding that he had obtained a job. In his findings of fact and accompanying discussion, the referee unequivocally states that employer established claimant's return to work by "competent and credible evidence." Said evidence included the "unrebutted testimony" of the Federal Communications Commission Philadelphia District Manager, who stated that in 1983, records showed that claimant was employed as chief engineer of a radio station in Brawley, California, and of claimant's co-employees, who observed, filmed and identified claimant as working at radio station KAOP in January and February of

1983. The referee found the foregoing testimony to be "fully persuasive and credible." Moreover, the record indicates that claimant was unresponsive to subpoenas, failed to appear at any compensation hearings and failed to present any evidence disputing the fact of his new employment or establishing that his wages therefrom were less than his pre-injury salary. In this regard, "[i]t is well settled that in workmen's compensation cases, the referee is the ultimate factfinder[,]" and "[a]s such, it is the referee's province to determine questions of credibility, to resolve conflicting testimony, and to determine the weight to be given the evidence." *Coover v. Workmen's Compensation Appeal Board (Browning–Ferris Industries of Delaware Valley)*, 140 Pa.Commonwealth Ct. 16, 23, 591 A.2d 347, 350 (1991). Based on the foregoing, therefore, we perceive no reasonable basis on which to disturb the referee's determination.

■ Finally, we find claimant's argument that the Board erred in remanding the case to the second referee, once the prior referee had dismissed employer's petitions for failure to proceed with the evidence, to be without merit. The record indicates that when employer appealed from the first referee's dismissal of its petitions, the Board initially was unable to rule on the appeal because the record was incomplete. Accordingly, the Board found it necessary to remand the matter to a new referee in an effort to recreate "missing testimony." After the record was subsequently certified as comprising solely the transcripts of the January 9, 1984 and April 11, 1984 hearings, and upon employer's continued appeal, the Board: (1) vacated the first referee's decision; (2) allowed both employer and claimant to submit into the record evidence regarding claimant's California job; and (3) directed the second referee to render " 'a new set of Findings of Fact, Conclusions of Law, and Order' based on the merits of the issues." Sufficient precedent exists to support the Board's exercise of its discretion in remanding this matter to the second referee and permitting the admission of new, additional evidence. Specifically, in *Moody v. Workmen's Compensation Appeal Board (Philadelphia Inquirer)*, 127 Pa.Commonwealth Ct. 65, 68, 560 A.2d 925, 926 (1989), this Court held:

Claimant first argues that the Board erred in remanding the case for the introduction of newly discovered evidence. In light of our recent decision in Patterson v. Workmen's Compensation Appeal Board (Manpower/Transpersonnel, Inc.), 123 Pa.Commonwealth Ct. 541, 554 A.2d 614 (1989), we cannot say that the Board committed error in granting a properly filed petition for rehearing asserting the existence of newly discovered, noncumulative evidence.

Based on the foregoing discussion, the order of the Board is affirmed.

## ORDER

AND NOW, this 2nd day of June, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.