**Michael W. MOORE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (READING PAPERBOARD CORP.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 23, 1996.

Decided March 21, 1996.

Reargument Denied May 21, 1996.

Kirk L. Wolgemuth, for Petitioner.

Andrew E. Greenberg, for Respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Michael W. Moore (Claimant) petitions for review of the decision of the Workmen's Compensation Appeal Board (Board) affirming the decision of a Workmen's Compensation Judge (WCJ) that dismissed his penalty petition, suspended his benefits as of January 1, 1988, and terminated his benefits as of April 4, 1991.

Claimant worked for the Reading Paperboard Company (Employer) as a machine "screen man". On August 5, 1986, Claimant suffered a lumbosacral strain during the course of his employment. Pursuant to a notice of compensation payable, Claimant received benefits based on a pre-injury wage of $514.66 per week. In March of 1988, the Employer filed a petition to terminate, suspend or modify Claimant's benefits. After a hearing, a referee modified Claimant's benefits to a partial rate of $229.77 per week,[1] and suspended Claimant's benefits as of January 1, 1988. The Claimant appealed only the suspension order to the Board, which reversed and remanded the case back to the referee because the determination of Claimant's earnings based on "gross profit" was improper. On remand, no additional evidence was taken and the referee again ordered the suspension of benefits effective January 1, 1988.

The Claimant again appealed to the Board, and after it affirmed, Claimant appealed to this court. On November 16, 1992, we reversed, holding that because the Employer had failed to produce competent evidence that Claimant's post-injury wages exceeded his pre-injury wages, suspension was improper. On February 10, 1993, the Employer petitioned the Supreme Court for allowance of appeal, which was granted on November 15, 1993. The Employer then filed a petition for supersedeas with this court on March 17, 1993, which was denied, as was its March 19, 1993 request for reconsideration of supersedeas.

On May 26, 1992, while its appeal before the Supreme Court was still pending, the Employer filed a termination petition, alleging that the Claimant had fully recovered from his work-related injury as of April 4, 1991. In support of that petition, the Employer submitted the reports of both of Claimant's treating and examining physicians, in which each opined that Claimant had fully recovered from his work-related injury by April 4, 1991. Employer amended that petition to include a request for suspension or modification of Claimant's benefits on the basis of Claimant's "earning power" from his self-employment activities. On March 23, 1993, Claimant filed a penalty petition alleging that the Employer had refused to reinstate benefits in a timely fashion after the November 16, 1992 decision of this court.

On April 9, 1993, the Employer paid Claimant $53,703.90 in back compensation.[2] This amount was based on the $229.77 per week amount ordered by the referee, but only at this rate for the year 1989. For 1988 and 1990–1993, the Employer based back compensation on its own calculation of what was owed by deducting Claimant's net profits from his self-employment.

■ After a hearing on the Employer's termination petition and the Claimant's penalty petition,[3] based on his finding that as of

1. This modification was based on Claimant's failure to apply to a properly referred job which would have paid him $170 per week.

2. Alleging that the $53,703.90 reflected Claimant's "earning power" as of October 14, 1987, plus his yearly net profit as a self-employed contractor, Employer arrived at this figure based upon its own calculation of the Claimant's yearly net profits from his self-employment, divided by 52 weeks, plus the $170.00 earning capacity from the referee's unappealed modification order. That calculation gave a resulting wage loss figure, which, according to the provisions of Section 306(b) of the Act, was multiplied by ⅔ to arrive at the weekly compensation rate owed to Claimant by Employer for each year in which compensation was due. The total amount determined by Employer under this formula was $53,-703.90, which was paid to Claimant in full. Employer's decision to calculate Claimant's weekly earnings itself was a unilateral decision and was not done in accordance with any existing order regarding this compensation appeal.

3. At that hearing, the Claimant alleged that the Employer violated the Act by (1) its failure to reinstate benefits in a timely fashion; (2) its unilateral supersedeas in modifying the Claimant's partial disability rate; and (3) its unilateral suspension of Claimant's disability benefits as of March 9, 1993.

January 1, 1988, Claimant's earning power exceeded his pre-injury wages while employed by Employer, the WCJ, on April 18, 1994, ordered the suspension of Claimant's benefits as of January 1, 1988. The WCJ also found Claimant had fully recovered from his work-related injury as of April 4, 1991, and terminated benefits as of that date. Finally, the WCJ dismissed Claimant's penalty petition because he found that Employer's unilateral calculation of partial disability compensation to Claimant was proper. The decision of the WCJ was affirmed by the Board and Claimant now appeals.[4]

Initially, Claimant contends that the WCJ erred by even considering the Employer's subsequent petition because the Employer was not entitled to file a termination petition while simultaneously challenging that same issue on appeal. Claimant's position is partially correct.

What was at issue in the original proceeding was whether the suspension should have been granted because Claimant's post-injury earnings were equal to or in excess of his pre-injury earnings from the time period between the Employer's filing of the suspension petition in March of 1988 until the referee's decision on July 31, 1991. Any decision by the WCJ based on subsequent petitions addressing that issue is barred by the doctrine of res judicata [5] because what is being sought is the same as in the original petition. However, the Employer is free to file in a subsequent termination petition for the time period after that covered by the

original petition because the identity of what is at issue is different and res judicata does not apply. *Buchanan v. Workmen's Compensation Appeal Board (Mifflin County School District)*, 167 Pa.Cmwlth. 335, 648 A.2d 99, *petition for allowance of appeal denied*, 539 Pa. 682, 652 A.2d 1326 (1994). Because the WCJ was precluded from addressing Claimant's earnings for the period covered by the original petition, any modification of benefits for that period in the subsequent petition was improper.

As to the time after January 31, 1991 (and, for that matter, before), Claimant contends that the Employer violated Section 413(c) of the Act [6] when it unilaterally modified and then suspended the $229.77 weekly compensation award of the referee from the original appeal. Until the Employer's termination petition was granted by the WCJ (or the Supreme Court reversed), the Claimant argues that Employer was obligated to continue to pay compensation and pay back compensation at the rate of $229.77 per week as the referee ordered. By not complying with that order, Claimant contends that Employer violated Section 413(c) of the Act by not continuing to pay at that rate and by paying back compensation at a decreased rate prior to the April 18, 1994 decision of the WCJ.

For its part, the Employer does not dispute that it was required to pay $229.77 per week, as well as back compensation calculated at that amount, but that the obligation was vitiated at the time it filed a termination petition that was later amended to include a

---

4. Our scope of review in a workmen's compensation appeal is limited to a determination of whether constitutional rights were violated, errors of law were committed or whether substantial evidence supports the necessary findings of fact. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988), *appeal after remand, Volkswagen of America v. Workmen's Compensation Appeal Board (Russell)*, 143 Pa.Cmwlth. 69, 598 A.2d 602 (1991).

5. The doctrine of res judicata precludes the relitigation of issues decided in a previous valid judgment in any future suit between the parties on the same cause of action, *Mason v. Workmen's Compensation Appeal Board (Hilti Fastening Systems Corp.)*, 657 A.2d 1020 (Pa.Cmwlth.), *petition*

*for allowance of appeal denied*, 542 Pa. 679, 668 A.2d 1140 (1995). Four conditions must be established for res judicata to apply to preclude a suit: (1) identity of the thing sued upon or for; (2) identity of the cause of action; (3) identity of the parties to action; (4) identity of the quality or capacity of the parties suing or being sued. *Id.*

6. Act of June 2, 1915, P.L. § 736, *as amended*, 77 P.S. § 774.2. Section 413(c) of the Act provides:

Notwithstanding any provision of this act, an employer may suspend the compensation during the time the employee has returned to work at his prior or increased earnings if the employer files a petition to terminate or modify a notice of compensation payable or a compensation agreement or award within fifteen days of the return to work.

petition for suspension or modification. Because Section 413(c) provides that an employer is entitled to suspend compensation when it has filed a petition to terminate or modify compensation payable, the Employer contends that its petition satisfies Section 413(c) of the Act.

First, we remind Employer that it is obligated to follow orders until they are reversed. Orders are captioned orders, not suggestions. When this court reversed the Board and reinstated the referee's decision, Employer was required to pay what was ordered, not what it thought should be paid. Only a grant of supersedeas relieves an employer of that obligation. *Stoyer v. Sarko,* 154 Pa.Cmwlth. 44, 621 A.2d 1244 (1993), *petition for allowance of appeal denied,* 536 Pa. 649, 639 A.2d 35, and *petition for allowance of appeal denied,* 537 Pa. 614, 641 A.2d 313 (1994).

Second, Employer's reliance on the grant of an automatic supersedeas under the provision of Section 413(c) of the Act is misplaced because that provision has been held to be unconstitutional in the case of *Baksalary v. Smith,* 579 F.Supp. 218 (1984). In that case, the court held that the automatic supersedeas provisions of Section 413, by which an employer can modify or suspend benefits after filing a petition to terminate or modify, leaves the employee with "no avenue to contest application of the automatic supersedeas other than his defense on the merits of the petition before the referee." *Id.,* 579 F.Supp. at 221. Because Section 413 did not afford due process, it was held to be unconstitutional. *See Crawford County Care Center v. Workmen's Compensation Appeal Board (Daly),* 168 Pa.Cmwlth. 169, 649 A.2d 203 (1994), *petition for allowance of appeal denied,* 542 Pa. 682, 668 A.2d 1142 (1995). Like the *Baksalary* court, this court has held

that we will not endorse an employer's unilateral decision to reduce a claimant's benefits without a written agreement or official order. *Arnott v. Workmen's Compensation Appeal Board (Sheehy Ford Sales, Inc.),* 156 Pa. Cmwlth. 167, 627 A.2d 808 (1993), *petition for allowance of appeal denied,* 537 Pa. 624, 641 A.2d 589 (1994).

After this court's reversal, Claimant was entitled to be paid compensation and back compensation at a rate of $229.77 per week until either that order was reversed or benefits were modified, suspended or terminated pursuant to the subsequent petition which occurred on April 18, 1994. Until the April 18, 1994 termination, the Employer was bound to continue to pay compensation and back compensation based on a rate of $229.77 weekly. Even though the Employer prevailed before the WCJ and also before the Supreme Court does not excuse its unilateral modification of benefits before those events occurred. *Winkelmann v. Workmen's Compensation Appeal Board (Estate of O'Neill),* 166 Pa.Cmwlth. 154, 646 A.2d 58 (1994), *petition for allowance of appeal denied,* 540 Pa. 609, 655 A.2d 996 (1995). Once Employer's petition for supersedeas was denied, it was obligated to commence payments in accordance with the order of the referee, including making all back payments in that amount.

Claimant finally contends that because violations of Section 413(c) result in the imposition of penalties authorized by Section 435 of the Act,[7] by law, the Employer is subject to the penalty provisions of Section 435 of the Act and the WCJ erred by not imposing such penalties against Employer. Claimant contends that by dismissing his petition for penalties[8] and reinstatement of benefits, the WCJ committed an error of law. In order for the imposition of penalties to be

---

7. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 991.

8. Claimant also contends that the WCJ erred by refusing to grant his request for attorney's fees, alleging that Employer's contest was unreasonable. First, counsel fees for unreasonable contest are not penalties under the penalty provision of the Act. 77 P.S. § 991. And, where the defendant establishes that there was a reasonable basis for the contest, an award of counsel fees is

unwarranted. *Mason v. Workmen's Compensation Appeal Board (Wheeling–Pittsburgh Steel Corporation),* 143 Pa.Cmwlth. 539, 600 A.2d 241 (1991), *petition for allowance of appeal denied,* 529 Pa. 671, 605 A.2d 335 (1992). A review of the record, especially in light of the way in which the Supreme Court resolved the issues before it, indicates that there was a reasonable basis for the Employer's contest, and an award of counsel fees to Claimant is clearly unwarranted.

appropriate, a violation of the Act or of the rules and regulations issued pursuant to the Act must appear in the record. *Glagola v. Workmen's Compensation Appeal Board*, 59 Pa.Cmwlth. 80, 428 A.2d 1016 (1981). Because the record indicates that Employer, in unilaterally modifying benefits, has violated the Act, the imposition of a penalty may be appropriate. However, we agree with Employer's contention that even if a violation of the Act has occurred and is apparent on the record, the imposition of a penalty is not required. Rather, the imposition of a penalty is at the discretion of the WCJ. *Ortiz v. Workmen's Compensation Appeal Board (Fair Tex Mills, Inc.)*, 102 Pa.Cmwlth. 493, 518 A.2d 1305 (1986). As to the question of whether penalties are appropriate in the instant matter, we remand back to the WCJ to take into consideration whether in light of the conduct of the Claimant, penalties are appropriate.[9]

Accordingly, the decision of the Board is reversed as to any calculation of benefits at a rate of less than $229.77 per week imposed prior to the April 18, 1994 decision of the WCJ and remanded for consideration as to whether penalties should be imposed.

### ORDER

AND NOW, this 21st day of March, 1996, the order of the Workmen's Compensation Appeal Board, No A94–1291, dated August 9, 1995, is reversed as to any calculation of Claimant's benefits at less than a rate of $229.77 per week prior to the April 18, 1994 decision of the WCJ, and remanded for consideration as to whether penalties should be applied.

Jurisdiction relinquished.

---

9. On April 9, 1993, the Employer received the examination report prepared by the Claimant's treating physician, Dr. Job Menges. In that report, dated November 11, 1992, Dr. Menges unequivocally stated that the Claimant's continuing condition was not attributable to his work-related condition, but rather, to a pre-existing condition. Employer contends that had it had access to such report prior to its request for supersedeas, that request would have been granted. Because Claimant's counsel had access to that report for five months prior to its disclosure, and because it is a violation of the Professional Rules of Responsibility for counsel to withhold such a report, Employer argues that Claimant's penalty petition should be dismissed. On remand, the WCJ should consider the conduct of the parties in its determination of whether or not a penalty is appropriate.