**Thomas SHERIDAN, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ANZON, INC. and State Workers' Insurance Fund), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 27, 1998.
Decided Aug. 31, 1998.

8. Because of our disposition of this matter, we need not consider Giant's remaining issues.

William H. Blasberg, Philadelphia, for petitioner.

Mary T. Uhlig, Philadelphia, for respondent.

Before DOYLE and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

FLAHERTY, Judge.

Thomas Sheridan (Sheridan) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed the order of the Workers' Compensation judge (WCJ), determining that Sheridan was not entitled to receive benefit payments which Anzon, Inc. (Employer) had unilaterally ceased paying. We reverse.

On April 4, 1989, while Sheridan was employed by Anzon, Inc., Sheridan fell from a ladder and injured his back. As a result, the Employer issued a Notice of Compensation Payable, dated May 2, 1989, thus legally obligating Employer to pay Sheridan total disability benefits in the amount of $399.00 per week. Sheridan returned to employment with Employer in a light duty position with no loss of pay on October 26, 1992. Without an agreement, a supplemental agreement, a final receipt, a supersedeas or other order of competent authority, the Employer unilaterally ceased paying benefits to Sheridan as of October 26, 1992. Neither did the Employer file a petition for suspension of benefits within 15 days of Sheridan's return to work as then provided for in Section 413(c) of the Workers' Compensation Act[1]. Sheridan was subsequently terminated from his employment on or about January 6, 1993.[2] On or about January 13, 1993, Sheridan filed a petition, alleging that the Employer illegally stopped paying Workers' Compensation benefits and, in essence, seeking an order compelling payment thereof as of January 5, 1993 the date whereon Sheridan again experienced a loss of income. R.R. at p. 9a. On February 25, 1993, the Employer filed a petition to suspend benefits to Sheridan as of October 26, 1992.[3] The WCJ issued his decision on April 24, 1995. The WCJ found that when Sheridan was terminated, the Employer was justified in doing so and that thereaf-

1. Act of June 2, 1915, P.L. 736, added by the Act of July 1, 1978, P.L. 692, 77 P.S. § 774.2. Section 413(c) was subsequently amended and rewritten by the Act of June 24, 1996, P.L. 350.

2. In Finding of Fact #4, the WCJ stated that "Claimant was terminated from his position on January 15, 1993." However, this is clearly a typographical error, the filings and testimony establish the date as January 5 or 6, 1993. See Reproduced Record (R.R.) at pp. 14(a) and 69(a).

3. The record is eequivocal at best as to whether the Employer filed for a supersedeas. The only petition of record which even remotely deals with supersedeas is the petition for suspension filed by the State Workmen's Insurance Fund dated March 1, 1993. See Certified Record. On that Suspension Petition form, there is a space for checking whether a supersedeas is requested, not requested or allowable. The box checked herein is "allowable." The Employer has not pointed out where in the record there is a petition for supersedeas. The Employer has howev-

ter Sheridan would not have been entitled to benefits. The WCJ concluded that Sheridan was not entitled to a "reinstatement" of benefits as of the date of Sheridan's discharge. The WCJ never issued an order of supersedeas. The Board affirmed. This petition for review followed.

■ Appellate review over an order of the Board is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Moore v. Workmen's Compensation Appeal Board (Reading Paperboard Corp.)*, 676 A.2d 690, 693 n. 2 (Pa. Cmwlth.1996), *appeal denied*, 546 Pa. 658, 684 A.2d 559 (1996).

The sole issue presented for our review is whether the WCJ and Board committed legal error in concluding that the Employer was not liable to pay benefits after October 26, 1992 even though there was no order or agreement to suspend, modify or terminate benefits, nor was there a supersedeas granted.

Initially, the Employer argues that this issue was waived because Sheridan failed to file a brief before the Board and, as such, Sheridan should be precluded from raising this issue here. Sheridan responds that this issue was not waived and that he raised it before the WCJ who denied relief and, before the Board as well in his Notice of Appeal. In Sheridan's Notice of Appeal from the WCJ's decision which was filed with the Board, Sheridan asserts that "[t]he Judge failed to order payment of compensation and interest beginning on October 26, 1992, despite the defendant's unilateral cessation of claimant's benefits on that date, which cessation of benefits was not authorized by claimant or by any order from a judge." R.R. at 123a. Sheridan also asserts that this very issue was addressed in oral argument before the Board. Notwithstanding the fact that Sheridan did not file a brief before the Board, the Board nevertheless issued an opinion in this case.

er pointed out oblique references to "supersedeas exhibits" and "supersedeas." See R.R. at pp. 37(a) and 40(a) and 80(a). Notwithstanding the equivocal nature of the record with respect to whether a petition for supersedeas was filed, it is clear that no order granting supersedeas was ever issued in this case. Accordingly, if a petition for supersedeas were filed, it is deemed to be

■ Pa.R.A.P. 1551(a) entitled "Review of quasijudicial orders," provides in relevant part that "[n]o question shall be heard or considered by the court which was not raised before the government unit. . . ." We agree with Sheridan that his failure to file a brief before the Board did not, in this case, constitute a waiver insofar as he raised the issue in his Notice of Appeal before the Board. We find that Sheridan's recital of this issue in his Notice of Appeal renders the issue a question that was "raised before the government unit" within the meaning of Pa.R.A.P. 1551(a).

■ Moreover, even if we were to conclude that Sheridan's failure to file a brief before the Board constituted a waiver, such would not bar this Court from addressing the issue. *See, e.g., Dante Club of Rankin v. Allegheny County*, 170 Pa.Super. 302, 85 A.2d 875 (1952); *Link v. Lipsett Steel Products*, 9 Pa.Cmwlth. 98, 305 A.2d 387 (1973)(even though appellant failed to file a brief in the Commonwealth Court, the Court nevertheless addressed the issue raised by the appellant). Where an appellant's failure to adequately raise an issue below does not interfere with the appellate court's ability to exercise effective appellate review, the appellate court may nevertheless address the issue. *Anderson v. Erie Ins. Group*, 384 Pa.Super. 387, 558 A.2d 886 (1989). Furthermore, even where a lower tribunal does not address an issue, an appellate court may do so where all of the facts necessary to the appellate court's decision have been found by the factfinder. *See Shuman v. Cumberland Valley School Dist. Bd. Of Directors*, 113 Pa.Cmwlth. 63, 536 A.2d 490 (1988), *appeal denied*, 527 Pa. 658, 593 A.2d 428 (1991). In this case, we find that even if Sheridan's failure to file a brief before the Board constituted a waiver, such failure did not interfere with this Court's ability to exercise effective appellate review. Accordingly, we will address the issue.

denied. 34 Pa.Code § 131.43 ("[u]nless a supersedeas is granted by a written order, it will be deemed denied. . . ."). As there was never a supersedeas order issued, Employer could not claim it was relieved of its obligation to pay benefits on the basis of a supersedeas being granted.

Sheridan essentially argues that once the obligation to pay benefits has been imposed by notice of compensation payable, agreement or by order of the Workers' Compensation authorities, that obligation continues unless and until there is some event that relieves the employer of the obligation. Sheridan asserts that those events which relieve an employer of its obligation to pay benefits are limited to the following:

1. the submission of an agreement or supplemental agreement as provided in Section 408 of the Workers' Compensation Act, 77 P.S. § 732.

2. The submission of a Final Receipt, as provided in Section 434 of the Act, 77 P.S. § 1001.

3. The filing of a petition which operates as an automatic supersedeas, as provided for in Sections 413(a) and (c) of the Act, 77 P.S. §§ 774 and 774.2.

4. An interlocutory order by a WCJ granting discretionary supersedeas, as provided for in Section 413(a) of the Act, 77 P.S. § 774.

5. A final order by a WCJ terminating the employer's obligation.

Because none of these enumerated events occurred, the Employer was under a continuing obligation to pay benefits according to Sheridan.[4] Sheridan seeks payment of benefits from January 5, 1993 until April 24, 1995 the date whereon the WCJ issued its order which is the subject of this appeal.

The Employer argues that because Sheridan's loss of income during the period of time from January 5, 1993 until April 24, 1995 was the result of his termination for cause and not because of his work related injury, Sheridan was not entitled to benefits during this time period.[5]

■ We agree with Sheridan, that absent an order from a Workers' compensation authority or from a court or an agreement of the parties or the filing of a petition which acts as an automatic supersedeas, an employer's obligation to pay out benefits continues. We agree with Sheridan that this case is governed by *M.A. Bruder & Son v. Workmen's Compensation Appeal Board (Harvey)*, 86 Pa.Cmwlth. 353, 485 A.2d 93 (1984) and *Moore v. Workmen's Compensation Appeal Board (Reading Paperboard)*, 676 A.2d 690 (Pa.Cmwlth.1996), *appeal denied*, 546 Pa. 658, 684 A.2d 559 (1996). In *M.A. Bruder*, the employer therein unilaterally suspended benefits based upon an assertion that the claimant's injury therein had resolved itself into a specific loss and then the employer filed a modification petition and requested a discretionary supersedeas. The claimant denied the employer's assertions and petitioned for resumption of benefits as of the date of the unilateral termination. The WCJ granted the employer's modification petition and also granted the employer's discretionary supersedeas retroactive to the date whereon the employer unilaterally ceased paying benefits. The Board reversed that portion of the WCJ's decision which granted the retroactive supersedeas. This Court affirmed the Board's conclusion that the WCJ erred in granting the retroactive supersedeas. This Court stated that

> [w]e believe that the employer violated Section 413(b) of the Act, 77 P.S. § 774.1 when it unilaterally suspended benefits without having submitted a supplemental agreement, final receipt, termination petition accompanied by the appropriate affidavits or having received a discretionary supersedeas from the referee. The board's repudiation of the referee's "retroactive supersedeas" and its reinstatement of compensation beginning June 20, 1979 was [sic] therefore proper.

*M.A. Bruder & Son*, 485 A.2d at 95.

*Moore* is to the same effect. Essentially, in *Moore*, this Court reversed the Board's grant of a suspension of benefits. The employer filed an appeal to the Supreme Court

---

4. It should be noted that Sheridan does not seek benefits for the period from October 26, 1992 to January 5, 1993, the time during which he had returned to work without loss of income.

5. Employer does not, and indeed, cannot argue that merely because Sheridan returned to work as of October 26, 1992 with no loss of earnings, that Sheridan's work-related injury had resolved

itself with the consequence that any obligation of the Employer with respect to that work-related injury had terminated automatically. *See Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990)(absent the termination of benefits by order of competent authority or final receipt, it is presumed that the liability of the Employer for the work-related injury continues).

and sought a supersedeas from this Court which was denied. Notwithstanding this Court's order reversing the suspension and denying the supersedeas, the employer unilaterally modified the amount of benefits it was paying to the employee based upon a claim that the employer was entitled to deduct the employee's net profits from self-employment. The employee filed a penalty petition alleging that he was entitled to the full amount of benefits as determined by this Court for as long as this Court's order stood. The Supreme Court eventually vindicated the legal correctness of the employer's position. This Court held however that notwithstanding the legal correctness of the employer's position, as long as this Court's order stood, the employer was legally obligated to pay the amount determined by this Court. This Court stated that

> [a]fter this court's reversal [of the Board's suspension order] Claimant was entitled to be paid compensation and back compensation at a rate of $229.77 per week until that order was reversed or benefits were modified, suspended or terminated.... Until the April 18, 1994 termination, the Employer was bound to continue to pay compensation and back compensation based on a rate of $229.77 weekly. Even though the Employer prevailed before the WCJ and also before the Supreme Court does not excuse its unilateral modification of benefits before those events occurred. [citations omitted] Once Employer's petition for supersedeas was denied, it was obligated to commence payments in accordance with the order of the referee....

*Moore*, 676 A.2d at 694.

■ In both *M.A. Bruder & Son* and *Moore*, this Court determined that an employer's unilateral cessation or modification of benefits without prior authorization of the Compensation authorities or a court and/or an appropriate agreement and/or the filing of a petition which acts as an automatic supersedeas constituted a void act which did not affect the employee's right to receive com-

pensation nor the employer's ongoing obligation to pay benefits. The rule established in those two cases applies with equal force in this case. Accordingly, the Employer herein is ordered to pay compensation from the date whereon Sheridan was terminated until April 24, 1995 the date of the WCJ's order which relieved the Employer of its obligation to do so.[6]

The Employer attempts to distinguish *M.A. Bruder & Son* from the instant case on the grounds that the claimant therein did not return to work without a loss of earnings as Sheridan has here and the claimant therein did not violate the employer's rules as Sheridan did here. This attempt at distinguishing *M.A. Bruder & Son* from the instant case is unavailing. The distinction is of no legal significance for the purposes of deciding this case. The pertinent inquiry is whether any of the recognized events which relieve an employer of its then existing obligation to pay benefits occurred herein so as to relieve the Employer of its obligation to pay benefits. Such an event did not occur herein until April 24, 1995, the date of the WCJ's order which relieved the Employer of its obligation to pay as of that date.

■ The Employer also attempts to distinguish *Moore* from the instant case on the basis that the employer therein "unilaterally adjusted the amount of claimant's compensation in direct violation of an order setting forth a rate of payment." Employer's Substitute Brief at p. 12. We find that this does not even constitute a distinction between *Moore* and this case. The Employer's unilateral cessation of payments herein violated its pre-existing obligation to pay; it matters not for purposes of this case whether this obligation arose from an order of the Workers' Compensation authorities or from an agreement of the parties or from a notice of compensation payable.

■ The Employer also suggests that whereas the claimants in *M.A. Bruder & Son* and *Moore* bore no fault, Sheridan did in fact engage in fault-based behavior which justified unilateral termination. There is simply no authority for the proposition that a claim-

---

6. While the parties do not raise the issue, we do not find that *Harle v. Workmen's Compensation Appeal Board (Telegraph Press, Inc.)*, 540 Pa. 482, 658 A.2d 766 (1995) alters this analysis. There was no allegation in *Harle* that the employer therein had unilaterally ceased paying benefits without authorization under the Worker's Com-

pensation statute. Thus, *Harle* did not address the question presented herein, namely, whether the employer may unilaterally cease paying benefits to one receiving such benefits absent proper authorization under the Worker's Compensation statute.

ant's breaking the work rules of an employer authorizes the employer to unilaterally cease paying benefits to that claimant. Again the issue is not the conduct of the employee but rather the conduct of the employer as it relates to whether a legally recognized event occurred that suspended the employer's pre-existing and ongoing obligation to pay benefits. Absent such a legally recognized event, the employer's unilateral termination, suspension and/or modification of benefits is legally void and of no effect. An employee's misconduct alone and/or a subsequent termination based thereon are not, **in themselves**, authorized reasons for the employer to unilaterally cease paying benefits.

Accordingly, the order of the Board is reversed to the extent that it relieves the Employer of its obligation to pay benefits to Sheridan from the date of his termination to April 24, 1995.

### ORDER

NOW, August 31, 1998, the order of the Workers' Compensation Appeal Board dated April 30, 1997, docketed at No. A95–2067, is hereby reversed to the extent that it relieves Anzon, Inc. of its obligation to pay benefits to Thomas Sheridan from the date of his termination to April 24, 1995.