IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Holy Redeemer Health Systems, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 372 C.D. 2020 |
| | : | Argued: November 9, 2020 |
| Workers' Compensation Appeal | : | |
| Board (Figueroa), | : | |
| Respondent | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE ELLEN CEISLER, Judge

OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: December 31, 2020

Holy Redeemer Health Systems (Employer) petitions for review of an adjudication of the Workers' Compensation Appeal Board (Board) that awarded total disability benefits to Karen Figueroa (Claimant). In doing so, the Board affirmed the determination of the Workers' Compensation Judge (WCJ) that Claimant sustained her burden in proving all elements of her claim petition. However, the Board reversed the WCJ's determination that Claimant did not give timely notice of her work injury to Employer. Before this Court, Employer contends that the Board erred in holding that Claimant gave Employer timely notice of her work injury. Discerning no merit to this contention, we affirm.

Claimant worked for Employer as an emergency room nurse. On Saturday, July 25, 2015, Claimant experienced significant pain in her leg, which increased over the course of her shift. By the end of her shift, Claimant could not walk. Employer had scheduled Claimant to work Sunday, July 26, 2015, but she called off. She visited her physician the next day, and he took Claimant out of work.

On Monday, November 23, 2015, Claimant notified Employer that she had sustained a work injury on July 25, 2015. On December 7, 2015, Employer issued a notice of temporary compensation payable. On January 5, 2016, however, Employer issued a notice of compensation denial and a notice stopping temporary compensation payable, stating that Claimant did not sustain a work injury. On August 11, 2016, Claimant filed a claim petition alleging a work injury in the nature of an aggravation of degenerative disc disease of the lumbar spine.

After a hearing, the WCJ found that Claimant proved that she suffered a work injury on July 25, 2015, with her credited testimony and with the testimony of her medical expert. The WCJ found, however, that Claimant's November 23, 2015, notice to Employer of her work injury was one day late under the Workers' Compensation Act (Act).[1] Section 311 of the Act provides that "no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, *no compensation shall be allowed*." 77 P.S. §631 (emphasis added). Finding that Claimant notified Employer 121 days after the occurrence of her injury, the WCJ denied compensation benefits.

Claimant appealed to the Board, which reversed the WCJ's decision on the timeliness of Claimant's notice to Employer. The 120th day after Claimant's work injury, November 22, 2015, fell on a Sunday. Because Section 311 of the Act did not specify whether notice must be given to an employer on a Sunday, the Board looked to Section 1908 of the Statutory Construction Act of 1972, which states as follows:

---

[1]Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

2

> *When any period of time is referred to in any statute*, such period in all cases, except as otherwise provided in section 1909 of this title (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) shall be so computed as to exclude the first and include the last day of such period. *Whenever the last day of any such period shall fall on* Saturday or *Sunday*, or any day made a legal holiday by the laws of this Commonwealth or of the United States, *such day shall be omitted from the computation*.

1 Pa. C.S. §1908 (emphasis added). Because the last day of the 120-day period of time established by Section 311 fell on Sunday, November 22, 2015, the Board omitted that day "from the computation." 1 Pa. C.S. §1908. Accordingly, the Board held that Claimant was required to give notice by Monday, November 23, 2015, and she did so. The Board remanded the matter to the WCJ to calculate the amount of compensation to be awarded to Claimant.

On remand, the WCJ determined that Claimant's disability began on November 23, 2015, and found that Employer had engaged in a reasonable contest. Employer appealed. The Board rejected Employer's argument that it had extended the statutory 120-day deadline by one day. The Board reiterated that Section 1908 of the Statutory Construction Act of 1972 applies to "any period of time [] referred to in any statute." Board Adjudication, 4/2/2020, at 5 n.2. This includes the Act.

Employer has petitioned for this Court's review of the Board's adjudication. On appeal,[2] Employer raises one issue. It contends that the Board erred in holding that Claimant gave Employer notice within 120 days of the occurrence of her work injury.

---

[2] Our review of the Board's adjudication determines whether constitutional rights were violated, whether an error of law was committed, or whether substantial evidence supports the WCJ's findings of fact. *Sheridan v. Workers' Compensation Appeal Board (Anzon, Inc.)*, 713 A.2d 182, 184 (Pa. Cmwlth. 1998).

Employer explains that there was no impediment to Claimant providing notice of her work injury on a Sunday. Claimant was employed by a hospital that is open "twenty-four (24) hours a day, three hundred sixty-five (365) days a year[.]" Employer Brief at 22. Claimant "not only worked in [the emergency room] on weekends, she was injured at work on a Saturday and contacted [Employer] on a Sunday to call off of work; she just chose not to reveal that her condition was work related at that time." *Id.* Employer notes that Claimant "testified that the only reason she didn't provide notice of the work relatedness of her condition sooner was because she just didn't feel comfortable doing it[]" and chose, instead, to collect long-term disability benefits funded by Employer. *Id.* at 23-24. Claimant could have reported her work injury on Sunday, November 22, 2015, and Claimant did not offer any evidence to the contrary. Employer argues that the Board erred in applying Section 1908 of the Statutory Construction Act of 1972 to construe Section 311 of the Act, which is not ambiguous.

Claimant counters that Section 1908 of the Statutory Construction Act of 1972 applies to all statutes that include a period of time within their terms. Claimant agrees that Section 311 is "clear and free from ambiguity" but argues that point is irrelevant. Claimant Brief at 6. Section 1908 of the Statutory Construction Act of 1972 is directly applicable and dispositive of what happens when the final day of any statutory time period falls on a Sunday. Claimant rejects Employer's characterization of the Board's adjudication as extending the statutory deadline by one day.

We begin with a review of Section 311 of the Act, which states as follows:

> Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or

4

some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, *no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.* However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, *the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment.* The term "injury" in this section means, in cases of occupational disease, disability resulting from occupational disease.

77 P.S. §631 (emphasis added). Section 312 of the Act states that the notice "shall inform the employer that a certain employe received an injury, described in ordinary language, in the course of his employment on or about a specific time, at or near a place specified." 77 P.S. §632. Section 313 of the Act directs who may accept a notice on behalf of the employer:

[N]otice . . . may be given to the immediate or other superior of the employe, to the employer, or any agent of the employer regularly employed at the place of employment of the injured employe. Knowledge of the occurrence of the injury on the part of any such agents shall be the knowledge of the employer.

77 P.S. §633.

In sum, the Act requires the employee to give notice of the injury to her supervisor or other agent of employer within 120 days of the injury's occurrence. However, Section 311 of the Act, 77 P.S. §631, is silent on how to calculate the 120-day time period.

Regulations promulgated by the Bureau of Workers' Compensation address the notice requirements in Section 311 of the Act. They identify the

information employers must give employees about their right to compensation; when to notify the Bureau of a work injury; and what forms to use. 34 Pa. Code §§121.3, 121.3b,[3] 121.5. The regulations require employers to inform employees that they "should report immediately any injury" and that "benefits could be delayed or denied" if they fail to do so. 34 Pa. Code §121.3b(b)(3), (4). However, the regulations do not address how to calculate the 120 days "after the occurrence of the injury" as set forth in Section 311 of the Act.[4]

---

[3] It states, in relevant part:

> (a) The workers' compensation information specified in subsection (b) shall be provided to every employee at the time of hire and immediately after the injury, or as soon thereafter as possible under the circumstances of the injury. If the employee's injuries are so severe that emergency care is required, the information shall be given as soon after the occurrence of the injury as is practicable.
>
> (b) The information shall be entitled "Workers' Compensation Information" and include the following:
>
>> (1) The workers' compensation law provides wage loss and medical benefits to employees who cannot work, or who need medical care, because of a work-related injury.
>>
>> (2) Benefits are required to be paid by your employer when self-insured, or through insurance provided by your employer. Your employer is required to post the name of the company responsible for paying workers' compensation benefits at its primary place of business and at its sites of employment in a prominent and easily accessible place, including, without limitation, areas used for the treatment of injured employees or for the administration of first aid.
>>
>> (3) You should report immediately any injury or work-related illness to your employer.
>>
>> (4) Your benefits could be delayed or denied if you do not notify your employer immediately.
>
> * * *

34 Pa. Code §121.3b(a), (b)(1)-(4).

[4] Interestingly, the Bureau's regulation does prescribe how to calculate any "period of time" set forth within its regulations. It states:

> Except as otherwise provided by law, *in computing a period of time prescribed or allowed by this chapter*, the day of the act, event or default after which the

6

Employer argues that Section 1908 of the Statutory Construction Act of 1972 has no application to Section 311 of the Act. The Statutory Construction Act of 1972 identifies the universe of statutes to which it applies and states, in relevant part, as follows:

> (a) Direct application.--
>
> > (1) Except as otherwise provided in this part,[5] the provisions of this part shall apply to the following unless the General Assembly or the agency adopting the document shall provide otherwise:
> >
> > > (i) Every statute finally enacted[6] on or after September 1, 1937.
> >
> > > \* \* \*
>
> (b) Other applications.--The provisions of this part shall apply to any public document to the extent such document refers to and incorporates therein the provisions of this part. The provisions of *this part* other than this chapter [(Chapter 15 relating to general provisions)] and Chapter 17 of this title (relating to effective date of statutes) *shall apply to statutes finally enacted before*

---

designated period of time begins to run may not be included. The last day of the period so computed shall be included, unless it is Saturday, Sunday or a legal holiday in this Commonwealth, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday nor a holiday. A part-day holiday shall be considered as other days and not as a holiday. Intermediate Saturdays, Sundays and holidays shall be included in the computation.

34 Pa. Code §121.3a (emphasis added). This regulation explains how to compute a period of time prescribed in the Bureau's regulations, but the regulations do not otherwise address the notice requirement of Section 311 of the Act. Accordingly, this provision does not aid in our analysis.

[5] The "part" refers to the Statutory Construction Act of 1972. *See* 1 Pa. C.S. §1501.

[6] The term "statute" is "[a]n act of the General Assembly, whether under the authority of the Commonwealth or of the late Proprietaries of the Province of Pennsylvania." 1 Pa. C.S. §1991. The terms "[f]inal enactment" or "enacted finally" is defined as "[t]he time when the procedure required by the Constitution of Pennsylvania for the enactment of a bill has been complied with." *Id*.

> *September 1, 1937 to the extent that this part substantially reenacts or restates rules of construction enacted or in force prior to such date.*

1 Pa. C.S. §1502 (emphasis added). In sum, Section 1502(a) makes the Statutory Construction Act of 1972 applicable to every statute finally enacted on or after September 1, 1937, and Section 1502(b) makes the Statutory Construction Act of 1972 applicable to statutes enacted before September 1, 1937, so long as the pre-1937 statute was governed by a similar rule of statutory construction in force before 1937.[7]

Section 311 was first enacted as part of the Act of June 2, 1915, P.L. 736, *former* 77 P.S. §631, and it set the period of time for timely notice at "fourteen days after the accident." Section 311 has been amended on numerous occasions, and each amendment extended the deadline for giving notice to the employer.[8] Of relevance here, a 1956 amendment extended the period of time for notifying the employer of a work injury from 90 days to 120 days after occurrence of the "accident." Act of February 28, 1956, P.L. (1955) 1120, *as amended*, 77 P.S. §631

---

[7] The antecedent to Section 1908 of the Statutory Construction Act of 1972 was Section 38 of the Statutory Construction Act, Act of May 28, 1937, P.L. 1019, *formerly* 46 P.S. §538 (repealed by the Act of December 6, 1972, P.L. 1339). It stated:

> When any period of time is referred to in any law, such period in all cases, except as otherwise provided in sections thirty-nine and forty, shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

It is nearly identical to Section 1908 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1908.

[8] Section 311 was amended by the Act of April 13, 1927, P.L. 186, and reenacted and amended by the Acts of June 4, 1937, P.L. 1552, and June 21, 1939, P.L. 520. Additionally, Section 311 was amended by the Acts of February 28, 1956, P.L. (1955) 1120; March 29, 1972, P.L. 159; and October 17, 1972, P.L. 930.

(1956).[9]  In 1972, the legislature amended Section 311 to change the term "accident" to "injury."[10]  Statutory amendments merge into the original statute and replace the part amended.  Further, "the remainder of the original statute and the amendment shall be read together and viewed as one statute passed at one time … *and the new provisions shall be construed as effective only from the date when the amendment became effective*."  1 Pa. C.S. §1953 (emphasis added).  In sum, the present version of Section 311 was "finally enacted" on March 29, 1972, which falls after September 1, 1937.  Accordingly, the Statutory Construction Act of 1972 applies to Section 311 of the Act, as it does to "[e]very statute finally enacted on or after September 1, 1937."  1 Pa. C.S. §1502(a).

In its calculation of the 120-day deadline in Section 311 of the Act, the Board explained as follows:

---

[9] It stated:

> Unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within [fourteen] *twenty-one* days after the accident, no compensation shall be due until such notice be given, and, unless such notice be given within [ninety] *one hundred and twenty days* after the occurrence of the [injury] *accident*, no compensation shall be allowed.

*Former* Section 311 of the Act, 77 P.S. §631 (1956) (emphasis in original).

[10] The 1972 amendment stated:

> Unless **the employer shall have knowledge of the occurrence of the injury, or unless** the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the **[accident]** *injury*, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the **[accident]** *injury*, no compensation shall be allowed.

Act of March 29, 1972, P.L. 159, *formerly* 77 P.S. §631 (emphasis in original).  The Act of October 17, 1972, P.L. 930 added the remainder of Section 311 pertaining to injuries resulting from "ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe."

[W]e first must exclude July 25, 2015[,] from the calculation as it is the first day of the 120[-]day time period. Thus, the 120[-]day period would end on November 22, 2015. . . . However. . . November 22, 2015[,] is a Sunday. Pursuant to the Statutory Construction Act[] [of 1972], whenever the last day of any time period falls on a Sunday, that day shall be omitted from the computation. Thus, the time period was extended an extra day to November 23, 2015, the same day that Claimant was found to have given proper notice to [Employer] of her work injury.

Board Adjudication, 11/20/2018, at 5-6 (footnote omitted). Employer argues that the Board erred. Claimant was employed by an emergency room that is open 24 hours a day, 365 days of the year and, therefore, Claimant could have notified her supervisor of her injury on Sunday, November 22, 2015.

Employer contends that Section 311 is not ambiguous, and we agree. It is true that some provisions of the Statutory Construction Act of 1972 are to be employed only where the words of a statute are ambiguous. *See* 1 Pa. C.S. §1921(c); *A.S. v. Pennsylvania State Police*, 143 A.3d 896, 903 (Pa. 2016) (only where statutory text is ambiguous may courts employ the canons in Section 1921(c) to discern legislative intent). Other provisions apply to every statute, such as, for example, the directive that we determine legislative intent by the plain language of the statute. 1 Pa. C.S. §1921(b). Section 1908 is of the latter type of statutory provision, and it applies to every statute that contains a time period within its terms. 1 Pa. C.S. §1908.

The General Assembly has directed that all time periods stated in any statute must be construed in accordance with Section 1908 of the Statutory Construction Act of 1972. *See*, *e.g.*, *McGee v. Workmen's Compensation Appeal Board*, 336 A.2d 458, 459 (Pa. Cmwlth. 1975) (applying Section 1908 where the Act provided that an appeal had to be taken "twenty days after notice of a referee's

award" and excluding Saturday and Sunday from the 20-day period). The legislature could have stated in Section 311 of the Act that notice of a work injury had to be given on a Sunday if the employer is open for business that day. It did not. Effectively, Employer seeks to add language to Section 311 of the Act to make the calculation of the 120-day notice period dependent on whether the employer operates over the weekend. However, "it is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include." *Commonwealth v. Rieck Investment Corporation*, 213 A.2d 277, 282 (Pa. 1965) (citation omitted).

As Claimant observes, the Act is remedial and must be liberally construed in order to effectuate its humanitarian objectives. *Tooey v. AK Steel Corporation*, 81 A.3d 851, 858 (Pa. 2013). Accordingly, "technicalities are not looked upon with favor in compensation cases." *Allen v. Patterson-Emerson-Comstock, Inc.*, 119 A.2d 832, 835 (Pa. Super. 1956). Employer urges a technical reading of Section 311 that, additionally, contravenes the legislature's express directive in Section 1908 of the Statutory Construction Act of 1972. Equally problematic is the lack of any language in Section 311 to support Employer's position that the 120-day notice period is determined by the type of business in which the employer is engaged. We hold that Section 1908 of the Statutory Construction Act of 1972 requires the omission of a Saturday or Sunday when calculating the 120-day notice period set forth in Section 311 of the Act.

For these reasons, we affirm the Board's adjudication that Claimant gave timely notice of her work injury to Employer.

_____
MARY HANNAH LEAVITT, President Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Holy Redeemer Health Systems, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 372 C.D. 2020 |
| | : | |
| Workers' Compensation Appeal | : | |
| Board (Figueroa), | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 31st day of December, 2020, the adjudication of the Workers' Compensation Appeal Board, dated April 2, 2020, awarding total disability benefits to Karen Figueroa is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge