611 A.2d 787

**STUART PAINTING COMPANY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ASVESTAS), Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 12, 1992.

Decided June 8, 1992.

Petition for Allowance of Appeal Denied
Oct. 13, 1992.

412

Michael D. Sherman, for petitioner.

George C. Diamantopulos, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Stuart Painting Company (Stuart) petitions for review of an order of the Workmen's Compensation Appeal Board, reversing a referee's dismissal of Dionysios Asvestas' (Claimant) petition for reinstatement of total disability benefits. We affirm.

On September 22, 1986, Claimant sustained a work-related injury to his lower back while employed by Stuart. Claimant received total disability benefits. On January 21, 1988, Stuart filed a suspension petition, alleging that Claimant had refused reasonable medical service and requested that the referee "suspend payments to the Claimant until such time as he sees fit to have them." (Appendix to Claimant's Brief, 1a). Stuart's request for relief focused on Claimant's refusal to undergo microsurgery for the removal of a herniated-disc fragment, recommended by Joseph Maroon, M.D. The referee ordered the suspension of benefits, concluding that:

2. Claimant forfeited all rights to compensation.

3. Employer is entitled to relief pursuant to Section 306(f)(4) of The [Pennsylvania Workmen's Compensation] Act.[1]

(Appendix to Claimant's Brief, 4a).

Claimant appealed this suspension to the Board. At the same time Claimant petitioned for reinstatement of benefits, averring that he is now willing to submit to the surgery, but that neither Dr. Maroon nor his associate, Matthew Quigley, M.D., are willing to perform the procedure. However, the referee ruled that he would not entertain the reinstatement petition while Claimant appealed the suspension of benefits. Subsequently, Claimant withdrew his appeal and proceeded solely on the reinstatement petition.

At the reinstatement petition hearing, Claimant and his wife both testified and Claimant submitted depositions of Dr. Maroon and Dr. Quigley into evidence. Stuart attempted to introduce both Richard Hersey, M.D.'s medical report, over Claimant's hearsay objection, and an earlier deposition of Dr. Maroon's, over Claimant's objection as to relevance; however, the referee excluded these documents.

Despite the referee's apparent understanding that the issues in the prior suspension petition were different from the issues of the reinstatement petition, the referee concluded that res judicata or collateral estoppel barred the reinstatement petition. The referee held that Claimant forfeited all rights to compensation pursuant to Section 306(f)(4) of the Act, thus, precluding reinstatement.

Both parties appealed. Claimant argued that the reason for the suspension no longer existed because he agreed to submit to the surgery which two doctors refused to perform. Stuart argued solely that the referee erred in excluding its medical

1. Act of June 15, 1915, P.L. 736, *as amended*, 77 P.S. § 531(4). This section provides that:

> If the employee shall refuse reasonable services of duly licensed practitioners of the healing arts, surgical, medical and hospital services, treatment, medicines and supplies, he shall forfeit all rights to incapacity for any injury or any increase in his capacity shown to have resulted from such refusal.

exhibits, even though the referee granted the relief it requested.

The Board reversed, concluding that "the 'forfeiture' [pursuant to Section 306(f)(4) of the Act] should properly be treated as a suspension, where once the reasons for the suspension no longer exists, [sic] benefits can be reinstated." (224a). The Board also refused to remand to allow Stuart to introduce its medical exhibits, finding them unnecessary, because of the Board's legal conclusion concerning the meaning of "forfeiture" in Section 306(f)(4) of the Act.

On appeal,[2] Stuart argues that the Board erred in interpreting Section 306(f)(4) of the Act, because: (1) it ignored the plain meaning of the word "forfeiture;" and (2) the basis for the suspension of benefits still exists, i.e., Claimant has yet to have the surgery. Stuart also argues that Claimant's reinstatement petition is barred by res judicata.

 The basis of this appeal is Claimant's reinstatement petition, filed after his benefits were suspended for failing to submit to reasonable medical services. The burden on a claimant who petitions for reinstatement of benefits varies, depending upon whether benefits have been terminated or suspended. *Pieper v. Ametek–Thermox Instruments*, 526 Pa. 25, 584 A.2d 301 (1990). A claimant seeking to have a suspension lifted, is required to demonstrate only that the reasons for the suspension no longer exist. *Id.*

 Claimant's benefits were suspended because he refused to undergo surgery. The Board found that Claimant proved that he contacted Dr. Maroon, requesting the surgery, and was examined by Dr. Quigley, also for the purpose of submitting to the surgery, but that both doctors refused to perform the operation. Furthermore, Claimant has complied with Stuart's mandate that he agree to submit to the surgery.

---

**2.** Our scope of review is limited to a determination of whether constitutional rights have been violated, whether the adjudication was in accordance with the law, and whether the referee's findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

The supreme court in *Muse v. Workmen's Compensation Board of Review (Western Electric Co.)*, 514 Pa. 1, 8, 522 A.2d 533, 537 (1987), concluded that the words of Section 306(f)(4) of the Act are clear and that "[t]he purpose of the statute is to provide cure where it can reasonably be done by medical arts for the benefit of the claimant; that he not be handicapped in his health or his prospects for gainful and fulfilling employment." The court, however, does not indicate whether the forfeiture language in the statute can be interpreted to mean a forfeiture of benefits forever.

■ We hold that the Board properly interpreted that the meaning of the forfeiture provision in Section 306(f)(4) is analogous to the language of Section 314 of the Act, 77 P.S. § 651, which deprives a claimant of compensation for refusing or neglecting, without reasonable cause or excuse, to submit to a physical examination. Under Section 314 of the Act, payment of benefits is suspended until the claimant submits to the examination. If claimant subsequently complies with an order for examination, payment of benefits resumes.

Likewise, Claimant here has for whatever reason decided that he will undergo the medical procedure that the referee found to be reasonable. However, two doctors have refused to perform the operation. Claimant met his burden by showing, that through no fault of his own, the reasons for the suspension no longer exist.

■ Stuart also argues that the doctrine of res judicata bars Claimant's reinstatement petition. We do not agree.

■ A final judgment in one proceeding controls the disposition of a later proceeding through the application of res judicata only when four conditions exist concurrently: identity in the thing sued upon or for; identity of the cause of action; identity of persons and parties; and identity of the capacity of parties suing or being sued. *Petcovic v. Workmen's Compensation Appeal Board (St. Joe Zinc)*, 125 Pa.Commonwealth Ct. 110, 557 A.2d 57 (1989), *petition for allowance of appeal denied*, 525 Pa. 665, 583 A.2d 795 (1990).

■ The second condition has not been met because an identity of the cause of action exists only when both the subject matter and the ultimate issues are the same in the two proceedings. *Robachinski v. Workmen's Compensation Appeal Board,* 33 Pa.Commonwealth Ct. 89, 380 A.2d 952 (1977). There is no question that Claimant is disabled. However, the ultimate issue in the first proceeding was the reasonableness of the medical procedure, while the issue here is whether the reason for the suspension still exists. Claimant has sought the treatment from two doctors, the one who initially prescribed the surgery and another physician. Claimant cannot be faulted for their decisions that Claimant is no longer a good candidate for the procedure. We, therefore, conclude that because the issues are not the same, res judicata is not applicable.

Accordingly, we affirm.

PALLADINO, J., concurs in the result only.

## ORDER

AND NOW, this 8th day of June, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.