IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Simone, :
    Petitioner :
             :
    v. : No. 561 C.D. 2015
            : Submitted: September 18, 2015
Workers' Compensation Appeal :
Board (Commonwealth of PA/ :
SCI Graterford), :
      Respondent :


BEFORE:  HONORABLE DAN PELLEGRINI, President Judge
       HONORABLE MARY HANNAH LEAVITT, Judge
       HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI     FILED: October 15, 2015


    William Simone (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) affirming the decision of a workers' compensation judge (WCJ) that denied his penalty and medical review petitions under the Pennsylvania Workers' Compensation Act (Act)[1] because the bills were not submitted on the proper forms and because the requested orthopedic appliance was not established to be medically necessary. We affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

Section 306(f.1) of the Act provides that any provider who treats an injured claimant shall be required to file periodic reports with the employer on a form prescribed by the Department of Labor and Industry (Department) and the employer is not liable to pay for such treatment until that occurs. 77 P.S. §531(1), (2). This provision is implemented by Section 127.203 of the Department's regulations which states, in relevant part:

> (a) Providers who treat injured employees are required to submit periodic medical reports to the employer, commencing 10 days after treatment begins and at least once a month thereafter as long as treatment continues. If the employer is covered by an insurer, the provider shall submit the report to the insurer.
>
> *   *   *
>
> (c) The medical reports required by subsection (a) shall be submitted on a form prescribed by the Bureau [of Workers' Compensation (Bureau)] for that purpose. The form shall require the provider to supply, when pertinent, information on the claimant's history, the diagnosis, a description of the treatment and services rendered, the physical findings and the prognosis, including whether or not there has been recovery enabling the claimant to return to pre-injury work without limitations. Providers shall supply only the information applicable to the treatment or services rendered.
>
> (d) If a provider does not submit the required medical reports on the prescribed form, the insurer is not obligated to pay for the treatment covered by the report until the required report is received by the insurer.

34 Pa. Code §127.203(a), (c), (d).

Once that occurs the employer is required to make payment within 30 days unless the employer or insurer disputes the reasonableness or necessity of the treatment or be subject to penalty. 77 P.S. §531(1), (2), (5). The issue in this case is whether Employer is excused from timely payment of those bills because they were not submitted on the prescribed forms and the requested orthopedic appliance was not prescribed as medically necessary.

In 1985, Claimant sustained an unspecified injury that was accepted in a notice of compensation payable (NCP) and a 1997 WCJ's decision while in the course and scope of his employment with the Commonwealth of PA/SCI Graterford (Employer). In 2005, following another WCJ's decision, the parties stipulated that Claimant's work-related injury was amended to include bilateral avascular necrosis in his hips. Claimant's medical history demonstrated that he had undergone multiple bilateral hip revisions and the treating physician's diagnosis was "an ADL and ambulatory dysfunction, status post removal of left hip prosthesis due to infection," with a history of multiple revisions and … hypertension, depression, and a deep venous thrombosis [(DVT)]." (Reproduced Record (RR) at 32a).

In July 2011, Claimant filed a penalty petition[2] alleging that Employer violated the Act by not paying a reasonable, necessary and causally-related

---

[2] Section 435(d)(i) of the Act provides, in relevant part, that "Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to fifty per centum in cases of unreasonable or excessive delays…." Added by Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. §991(d)(i). With respect to the award of penalties under Section 435, this Court has explained:

**(Footnote continued on next page…)**

medical bill pertaining to his 1985 work injury that was provided on October 5, 2010, and billed on December 9, 2010, for services totaling $10,509.26 for treatment provided at Suburban Woods, a nursing and rehabilitation facility. He also sought a 50% penalty and unreasonable contest counsel fees.[3]

In August 2012, Claimant filed a petition to review medical treatment and/or billing in which he alleged that Employer's insurer refused to approve payment for a chair lift[4] which is medically necessary due to his failed hip replacement surgery.

---

(continued…)

> In order for the imposition of penalties to be appropriate, a violation of the Act or of the rules and regulations issued pursuant to the Act must appear on the record. However, the imposition of a penalty is at the discretion of the WCJ. Thus, the imposition of a penalty is not required even if a violation of the Act is apparent on the record. Because the assessment of penalties, as well as the amount of penalties imposed, is discretionary, we will not overturn a penalty on appeal absent an abuse of discretion by the WCJ.

*Farance v. Workers' Compensation Appeal Board (Marino Brothers, Inc.)*, 774 A.2d 785, 789 (Pa. Cmwlth.), *appeal denied*, 788 A.2d 380 (Pa. 2001) (citations omitted).

[3] In May 2012, Claimant filed a second penalty petition for treatment he received at Manor Care. With respect to this petition, the WCJ found that "Claimant failed to produce any evidence establishing that [he] incurred medical expenses related to the work injury at Manor Care or any evidence that medical expenses that [he] incurred at Manor Care for his work injury or injuries were properly submitted." (RR at 138a). The denial of the second penalty petition is not at issue on appeal.

[4] This Court has held that a chair lift "is clearly an 'orthopedic appliance'" within the provisions of Section 306(f.1)(1)(ii) of the Act." *Zuback v. Workers' Compensation Appeal Board (Paradise Valley Lumber Co.)*, 892 A.2d 41, 46-47 (Pa. Cmwlth.), *appeal denied*, 911 A.2d 938 (Pa. 2006).

4

Employer opposed both petitions contending that the treatment was not related to his work-related injury or that it was not submitted on a Health Care Financing Administration (HCFA) form as required by the Act or, in the case of the chair lift that it was not prescribed by a physician.

At the hearing, Claimant presented Exhibit C-3 which contained the December 2010 denial letter and the October 5, 2010 bill on a non-HCFA form and medical records. He also called by deposition Lance Roberts, D.O. (Dr. Roberts), who testified concerning his treatment while at Suburban Woods for long-term antibiotic therapy after removal of his left hip prosthesis due to a MRSA infection. After going through detailed testimony concerning his treatment, Dr. Roberts opined that Claimant's admission to Suburban Woods was due to the left hip avascular necrosis and the subsequent surgeries related to that condition and he was not provided with any other reason for his admission for rehabilitation during his consultations with Claimant. When asked, "Assuming [Claimant] still has the spacer, would it be reasonable for him to have a chair lift in his home related to his hip problems?" Dr. Roberts replied, "It may be useful for him to have a chair lift." (RR at 56a).

Claimant also offered into evidence a Prospective Utilization Review (UR) Request that he had submitted in July 2012 alleging that James Purtill, M.D., had prescribed an in-home chair lift "due to failed hip replacement surgery," for which the Department issued a Return of UR Request stating, "Treatment invalid must be actual medical treatment only." (Exhibit C-5 at 1, 2); (RR at 98a).

5

Based on the credible evidence with respect to Claimant's first penalty petition, the WCJ found that Dr. Roberts' treatment and the therapies documented in the certificate were related to Claimant's work-related injury. However, she went on to find that Employer did not violate the Act by failing to pay the bill from Suburban Woods with the October 5, 2010 date of service because the bill that Claimant submitted lacked the markings that it was submitted on an HCFA form and that it is the only Suburban Woods bill of record.[5]

With respect to Claimant's petition to review medical treatment and/or billing regarding an in-home chair lift, the WCJ initially found that Claimant had filed the Prospective UR Request seeking prospective review as of July 13, 2012, for an in-home chair lift, alleging that such had been prescribed by a Dr. Purtill due to his failed hip replacement surgery, and that the request was returned due to "Treatment invalid must be actual medical treatment only." (RR at 98a, 136a).

The WCJ also found "that Dr. Roberts' testimony that it may be useful for Claimant to have a chair lift in his home because of his hip problems fails to establish that a chair lift was prescribed by a medical provider for Claimant's work-related injuries," and that "Dr. Roberts never testified that it was medically necessary that Claimant have a chair lift due to his work injury or

---

[5] The WCJ also found that Dr. Roberts' testimony "establishes that Claimant had several in-patient admissions at Suburban Woods including admissions commencing 9/3/10, 9/22/10 and 10/2/10," and that "[t]he records attached to the bill, even if considered a HCFA form, don't address the services contained in the 10/5/10 bill." (RR at 138a). This determination is not at issue on appeal.

injuries." (RR at 138a). Additionally, the WCJ noted that "[i]n giving such testimony, Dr. Roberts was asked to assume that Claimant still had a spacer," and that the record evidence "fails to establish that Claimant had a spacer." (*Id.*).

Based on the foregoing, the WCJ concluded that Claimant failed to sustain his burden of proving that Employer violated the Act; that a chair lift was prescribed by a medical doctor for his work-related injury; and that a chair lift is medically necessary for his work-related injury. (RR at 139a-140a). Accordingly, the WCJ denied his petitions. (*Id.* at 141a).

On appeal to the Board, relying on *Seven Stars Farm, Inc. v. Workers' Compensation Appeal Board (Griffiths)*, 935 A.2d 921 (Pa. Cmwlth. 2007), Claimant argued that the WCJ erred in denying his first penalty petition because it was not on the proper HCFA form because there was evidence that Employer has previously paid for treatment at Suburban Woods even though the proper forms had not been submitted. In *Seven Stars Farm, Inc.*, this Court affirmed the imposition of penalties even though the provider of home health care services failed to submit the proper forms for payment to the employer's carrier because "[i]n this case, [the employer's] Carrier paid at least one of Claimant's bills for [the home health care] services without the bill being submitted on the properly HCFA or Department of Labor form. The evidence was also clear that Claimant submitted all of the necessary information to Carrier in order for [the home health care service] bills to be paid…." *Id.* at 926. In this case, because "there was no evidence presented that the bills had been submitted on the proper forms in accordance with Section 306(f.1) of the Act," and that "there is no evidence that

[Employer] had made payment of prior medical bills without those bills being submitted on the required forms," (RR at 148a),[6] the Board found *Seven Stars Farm, Inc.* inapplicable and affirmed the WCJ because the bills were not on the prescribed HCFA form.

The Board also rejected Claimant's assertion that the WCJ erred in determining that he failed to prove that a chair lift had been prescribed by a medical doctor where she also found that Claimant had filed a Prospective UR Request of an in-home chair lift that had been prescribed by a Dr. Purtill. The Board stated that "[a]lthough Claimant had submitted the rejected UR Request, this 'rejected' request alone was not sufficient to establish that a chair lift had been prescribed by a medical doctor for treatment of the work injury…." (RR at 149a). The Board noted that Dr. Roberts only testified that it "may be useful" for Claimant to have a chair lift and that because "there was no evidence presented establishing that a chair lift had been prescribed by a doctor for treatment of the

---

[6] The Board also rejected Claimant's assertion that Employer's subsequent payment of the disputed Suburban Woods' bill compelled the imposition of penalties, explaining:

> Claimant argues in his Brief to the Board that [Employer] eventually paid the bills for Suburban Woods in an untimely manner in June and July of 2012. Claimant argues that because these bills were paid, this means they were either paid without receipt of the proper forms or paid late after receipt of the proper forms. Either way, Claimant asserts, he should be entitled to a penalty. We must disagree. Again, there is no evidence in the record indicating whether the bills were paid without receipt of the proper forms or if they were paid after receipt of the proper forms, albeit in an untimely manner.

(RR at 148a) (citation omitted).

8

work injury or that it was medically necessary, the [WCJ] did not err in denying Claimant's Medical Review Petition." (*Id.*). Accordingly, the Board affirmed the WCJ's decision and Claimant appealed to this Court.

In this appeal,[7] Claimant again relies on *Seven Stars Farm, Inc.* in arguing that the WCJ erred in failing to deny his first penalty petition because Employer ultimately paid the Suburban Woods bill so Employer must have had sufficient information to pay it in a timely manner whether or not it was submitted on an HCFA form. However, as explained by the Board, "there is no evidence in the record indicating whether the bills were paid without receipt of the proper forms or if they were paid after receipt of the proper forms, albeit in an untimely manner." (RR at 148a). In the absence of such evidence, the Board properly found that this case is distinguishable from *Seven Stars Farm, Inc.* and did not err in affirming the WCJ's denial of the penalty petition. Moreover, as outlined above, the WCJ was not required to impose a penalty under Section 435 of the Act

---

[7] In a workers' compensation proceeding, this Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo-Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 652 A.2d 797, 799 (Pa. 1995). "Substantial evidence" is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Waldameer Park, Inc. v. Workers' Compensation Appeal Board (Morrison)*, 819 A.2d 164, 168 (Pa. Cmwlth. 2003). The WCJ is the ultimate finder of fact. *Hayden v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel Corp.)*, 479 A.2d 631, 635 (Pa. Cmwlth. 1984). As the fact finder, the WCJ is entitled to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki)*, 593 A.2d 921, 924 (Pa. Cmwlth.), *appeal denied*, 600 A.2d 541 (Pa. 1991). Determinations as to witness credibility and evidentiary weight are within the exclusive province of the WCJ and are not subject to appellate review. *Hayden*.

even if it is assumed that Employer violated the Act by its late payment of the bill. *Farance*. In sum, Claimant failed to sustain his burden of proving his entitlement to a penalty and has not shown that the WCJ erred in denying his first penalty petition.

Claimant also argues that the Board erred in affirming the WCJ's denial of his review petition because the record demonstrates that the NCP was amended to also include multiple spinal surgeries, chronic pain and psychological issues requiring counseling to his work-related injury and because the WCJ's findings regarding whether or not a doctor prescribed a chair lift are conflicting.

With respect to the addition of injuries to the NCP other than the bilateral avascular necrosis in his hips as found by the WCJ, Claimant relies upon the contents of a 1997 WCJ decision that was referenced in a 2005 WCJ decision that was admitted into evidence as Exhibit C-1. However, the 1997 WCJ decision referenced therein is not part of Exhibit C-1 or the certified record of this appeal. Rather, the Stipulation attached to the 2005 WCJ decision that was admitted as Exhibit C-1 merely states that "[i]n addition to the description of injury established for the [NCP] and an August 28, 1997 Decision, [Employer] has voluntarily agreed to amend the description of injury to include bilateral avascular necrosis in Claimant's hips." (RR at 4a). Because there is no record evidence supporting Claimant's allegation of error, it is without merit. *See, e.g., Fotta v. Workmen's Compensation Appeal Board (U.S. Steel/USX Corporation Maple Creek Mine)*, 626 A.2d 1144, 1147 n.2 (Pa. 1993) ("[T]he report is not part of the record and our

review is limited to the evidence contained in the record. *Humphrey v. W.C.A.B. (Super Market Service)*, [514 A.2d 246, 251 (Pa. Cmwlth. 1986)].").

Finally, the record also demonstrates that Claimant's argument that the WCJ made conflicting findings regarding whether or not a doctor prescribed a chair lift is also without merit. While Claimant asserted in his Prospective UR Request that a Dr. Purtill had prescribed an in-home chair lift, no such prescription was offered or admitted into evidence. As the Board correctly noted, "this 'rejected' request alone was not sufficient to establish that a chair lift had been prescribed by a medical doctor for treatment of the work injury…." (RR at 149a). Likewise, while Dr. Roberts testified that "[i]t may be useful for [Claimant] to have a chair lift," (RR at 56a), there is no record evidence that he ever prescribed one. As a result, and contrary to Claimant's assertion, the WCJ did not make inconsistent findings regarding the absence of a doctor's prescription for an in-home chair lift.

Accordingly, the Board's order is affirmed.

_____
DAN PELLEGRINI, President Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Simone,                      :
                  Petitioner         :
                                     :
          v.                         : No. 561 C.D. 2015
                                     :
Workers' Compensation Appeal         :
Board (Commonwealth of PA/           :
SCI Graterford),                     :
                  Respondent         :

# **O R D E R**

AND NOW, this 15<u>th</u> day of  <u>October</u>, 2015, the order of the Workers'
Compensation Appeal Board dated March 10, 2015, at No. A14-0570, is affirmed.


_____
                              DAN PELLEGRINI, President Judge