# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Ambrogio,                                   :
                              Petitioner            :
                                                   :
             v.                                    :    No. 236 C.D. 2021
                                                   :    Argued:  March 9, 2022
Pocono Mountain School District                    :
and Inservco Insurance Services, Inc.              :
(Workers' Compensation Appeal                      :
Board),                                            :
                              Respondents          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER          FILED:  June 29, 2022


Joseph Ambrogio (Claimant) petitions for review of the Order of the Workers' Compensation Appeal Board (Board) that affirmed a Workers' Compensation Judge's (WCJ) denial of Claimant's Penalty Petition (Petition).  Claimant asserted that Pocono Mountain School District and Employer's third-party administrator, Inservco Insurance Services, Inc., (together, Employer) violated the Workers' Compensation Act[1] (WC Act) by refusing to reimburse out-of-pocket expenses Claimant incurred to obtain medical marijuana, pursuant to the Medical Marijuana

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

Act[2] (MMA), that Claimant asserted he used to treat his accepted work-related injury. The WCJ denied the Petition, finding no violation of the WC Act because Employer's obligation to pay had not yet accrued due to Claimant's failure to properly submit his payment requests, along with supporting medical documentation, prior to filing the Petition. Claimant appealed to the Board, which affirmed on the ground that reimbursement could not be ordered because, pursuant to Sections 2102 and 2103(b)(3) of the MMA, 35 P.S. §§ 10231.2102, 10231.2103(b)(3),[3] insurers cannot be required to pay for medical marijuana and employers cannot be required to violate the federal Controlled Substances Act[4] (Drug Act) by doing the same.

On appeal, Claimant argues the WCJ and Board erred in denying the Petition because he was not required to submit his reimbursement request for out-of-pocket expenses on forms intended for medical providers and neither the MMA nor the Drug Act excuses employers from paying for the reasonable, necessary, and causally-related medical expenses for work injuries under the WC Act. Employer replies that neither the WCJ nor the Board erred in their determinations, and, even if they had, there was no violation of the WC Act because Claimant's medical marijuana certification was not based on Claimant's accepted work-related injury. After careful review, because Employer is required to pay only for medical treatment that is causally related to an accepted work injury and Claimant's work injury was

---

[2] Act of April 17, 2016, P.L. 84, 35 P.S. §§ 10231.101-10231.2110.

[3] Section 2102 of the MMA states that "[n]othing in this act shall be construed to require an insurer or health plan, whether paid for by Commonwealth funds or private funds, to provide coverage for medical marijuana." 35 P.S. § 10231.2102. Section 2103(b)(3) of the MMA provides that "[n]othing in this act shall require an employer to commit any act that would put the employer or any person acting on its behalf in violation of [f]ederal law." 35 P.S. § 10231.2103(b)(3).

[4] 21 U.S.C. §§ 801-904.

**not** the condition upon which the medical marijuana certification was based, we affirm on different grounds.[5]

## I. BACKGROUND

Claimant sustained a compensable injury in the nature of right shoulder impingement in 1998, for which Claimant received indemnity and medical benefits until June 2007, when a Compromise and Release Agreement[6] (C & R Agreement) was executed to resolve the indemnity portion of Claimant's workers' compensation (WC) claim. (WCJ Decision, Finding of Fact (FOF) ¶¶ 1, 3 & n.2.)[7] Employer remained responsible for the payment of reasonable and necessary medical expenses to treat Claimant's work injury. Over the years, part of Claimant's treatment for the work injury was increasing doses of prescription pain medication. Eventually, Claimant sought pain relief with trigger point injections, which reduced his reliance on the prescription pain medications. (*Id.* ¶ 5.) In 2018, after the passage of the MMA, Claimant sought and obtained certification to use medical marijuana based on his having "G54.3 Thoracic root disorders, not elsewhere classified." (*Id.* at 6 (internal citations omitted).) Between August 8, 2018, and December 4, 2019, Claimant submitted requests for reimbursement of his out-of-pocket expenses for medical marijuana to Employer's counsel, which Employer denied.

---

[5] We "may affirm on grounds other than those relied on below where other grounds for affirmance exist." *Sloane v. Workers' Comp. Appeal Bd. (Child.'s Hosp. of Phila.)*, 124 A.3d 778, 786 n.8 (Pa. Cmwlth. 2015). Because we affirm on this basis, we do not reach the other arguments.

[6] The C & R Agreement is part of Employer's Ex. D-4. (Certified Record (C.R.) Item 26, Reproduced Record (R.R.) at 184-89.) Claimant's Reproduced Record does not use a small "a" which is required by Pennsylvania Rule of Appellate Procedure 2173, Pa.R.A.P. 2173 ("the pages of . . . the reproduced record shall be numbered separately in Arabic figures . . . thus, 1, 2, 3, etc., followed . . . by a small a, thus, 1a, 2a, 3a, etc."). For consistency, we will cite to the pages of the Reproduced Record by Arabic figures without the small "a."

[7] The WCJ Decision is Certified Record Item 6 and is located at pages 220-26 of the Reproduced Record.

Claimant filed the Petition in February 2019, asserting that Employer violated the WC Act by "fail[ing] to pay reasonable and necessary medical expenses related to Claimant's work injury." (Petition, Certified Record (C.R.) Item 2, Reproduced Record (R.R.) at 1.) Employer filed an Answer, denying the allegations and demanding strict proof thereof. The matter was assigned to a WCJ, who held a hearing.

At the hearing, Claimant testified regarding the history of the work injury, its treatment, the decision to seek medical marijuana certification, and the effect medical marijuana, which he purchased out of pocket, had on his condition.[8] On cross-examination, Claimant agreed that the injury referenced in his medical reports for medical marijuana certification was "long thoracic nerve neuropathy" and that, in the C & R Agreement, his work injury was "described as a right shoulder impingement." (Hearing Transcript, C.R. Item 11 at 22-24, R.R. at 27-29.) Claimant further agreed that, while he had sent the bills for reimbursement, he probably had not sent any medical records. Claimant offered receipts for the medical marijuana and medical records from Richard Gratz, M.D. and Charles Grad, M.D., the physicians who, respectively, certified and recertified Claimant for medical marijuana. Dr. Gratz's report indicated that Claimant was evaluated for "long thoracic nerve neuropathy" and was "a candidate for medical marijuana" based on the assessment of "G54.3 Thoracic root disorders, not elsewhere classified." (Claimant's Exhibit (Ex.) C-8, C.R. Item 18 at 1-2, R.R. at 85-86.) Dr. Grad's medical report renewing Claimant's certification likewise listed "G54.3 Thoracic root disorders, not elsewhere classified." (Claimant's Ex. C-9, C.R. Item 19 at 2, R.R. at 111.)

---

[8] The September 10, 2019 hearing transcript is Certified Record Item 11, and Claimant's testimony may be found at pages 15-38 of the Reproduced Record.

Employer submitted, among other documents, the emails in which it denied Claimant's requests for reimbursement. The denials stated:

> [Respondents' counsel has] received the various bills that [Claimant's counsel] sent seeking reimbursement to Claimant for the medical marijuana recommended for him. As you know, under the [MMA], [i]nsurers are not required to provide coverage for medical marijuana, and my client has advised me that it's [sic] policy is not to pay for this. In addition, there are no supporting documents submitted with the bills as required by the [WC] Act. Payment for the medical marijuana is, therefore, denied.

(Employer's Ex. D-3, C.R. Item 25 at 1-2, R.R. at 177-78.) In addition, Employer submitted its "First Hearing Filing," in which it asserted that there was no violation of the WC Act because: Claimant's accepted work injury was not the condition upon which Claimant's medical marijuana certification was based, nor could be based; Claimant had not made the reimbursement request using the required forms and with the required medical reports; reimbursing Claimant for the marijuana would violate federal law; and the MMA does not require insurers to cover medical marijuana. (Employer's Ex. D-2, C.R. Item 24, R.R. at 175.)

## II. AGENCY DECISIONS

After reviewing the evidence and arguments, the WCJ issued a decision denying the Petition based on Employer's argument that there was no violation of the WC Act because Claimant had not submitted the reimbursement requests on the requisite forms. Citing Sections 127.201(a) and 127.202(a) of the Bureau of Workers' Compensation's Regulations (Regulations), 34 Pa. Code §§ 127.201(a), 127.202(a),[9] the WCJ explained that requests for the payment of medical bills had

---

[9] Section 127.201(a) of the Regulations states that
**(Footnote continued on next page…)**

to be submitted on Health Care Financing Administration (HCFA) Forms, and, until such forms are submitted, insurers are not required to pay such bills. (FOF ¶ 13.) The WCJ additionally held that the WC Act requires the submission of periodic medical reports, and, until such reports are submitted, no obligation to pay arises. (*Id.* (citing Section 127.203(a), (d) of the Regulations, 34 Pa. Code § 127.203(a), (d)[10]).) The WCJ explained that "[t]he [WC] Act and its regulations do not appear to prohibit an employer or its insurer from requiring copies of proper bills and associated medical reports with respect to a request for reimbursement of out-of-pocket medical expenses." (*Id*.) As Claimant had not presented evidence that he had properly submitted the medical bills and supporting medical reports prior to filing the Petition, the WCJ found that Claimant had not met his burden of proving a violation of the WC Act. The WCJ did not address the merits of Employer's other arguments.

Claimant appealed to the Board, arguing the WCJ erred in holding his requests for repayment to the same strict requirements for submitting bills from medical

---

[r]equests for payment of medical bills shall be made either on the [Health Care Financing Administration (] HCFA[)] Form 1500 or the [Uniform Bill (UB)] 92 Form (HCFA Form 1450), or any successor forms, required by HCFA for submission of Medicare claims. If HCFA accepts a form for submission of Medicare claims by a certain provider, that form shall be acceptable for billing under the [WC A]ct.

34 Pa. Code § 127.201(a). Section 127.202(a) of the Regulations provides that "[u]ntil a provider submits bills on one of the forms specified in [34 Pa. Code] § 127.201 . . . insurers are not required to pay for the treatment billed." 34 Pa. Code § 127.202(a).

[10] Respectively, Section 127.203(a) and (d) of the Regulations states, in pertinent part, that "[p]roviders who treat injured employees are required to submit periodic reports to the employers, commencing 10 days after treatment begins and at least once a month thereafter as treatment continues," and "[i]f a provider does not submit the required medical reports on the prescribed forms, the insurer is not obligated to pay for the treatment . . . until the required report is received . . . ." 34 Pa. Code § 127.203(a), (d).

6

providers and in not deciding whether the MMA relieves insurers and employers of their obligation to pay for reasonable and necessary medical treatment, which the medical marijuana was, to treat his work-related injuries under the WC Act. The Board affirmed, but on other grounds. It held that, under the Drug Act, marijuana is a schedule I substance, and it is a federal crime to possess a controlled substance. 21 U.S.C. §§ 812, 844(a).[11] The Board explained that under the plain language of Sections 2102 and 2103(b)(3) of the MMA, which respectively provide that the MMA was not to "be construed to require an insurer or health plan . . . to provide coverage for medical marijuana," or to "require an employer to commit any act that would put the employer . . . in violation of [f]ederal law," 35 P.S. §§ 10231.2102, 10231.2103(b)(3), Employer could not be required to pay for medical marijuana. Accordingly, the Board concluded that neither it nor the WCJ could order reimbursement to Claimant for the medical marijuana and affirmed the denial of the Petition on this basis. Claimant now petitions this Court for review.[12]

## III. APPEAL TO THIS COURT

In this appeal, Claimant argues the Board erred in upholding the denial of the Petition because Employer violated the WC Act. Claimant and Employer present extensive argument regarding the applicability of Sections 2102 and 2103(b)(3) of the MMA and the Drug Act to the WC system to preclude an order directing reimbursement for medical marijuana to treat a work-related injury. They further

---

[11] Section 812 of the Drug Act lists "marihuana" as a Schedule I drug. 21 U.S.C. § 812. Section 844(a) of the Drug Act makes it unlawful to, among other things, "knowingly or intentionally possess a controlled substance" or "any list I chemical." 21 U.S.C. § 844(a).

[12] This Court's scope of review "is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007).

7

offer arguments as to the necessity of Claimant to submit his out-of-pocket reimbursement requests on HCFA forms with supporting medical reports. However, we do not reach those issues if the medical marijuana certification was not based upon Claimant's accepted work injury as it is fundamental and well-established that an employer is required to pay only for medical treatment that is causally related to the accepted work injury.

To prevail on the Petition, Claimant bore the burden of proving Employer's violation of the Act,[13] and "an employer's unjustified, unilateral withholding of medical expenses" is a violation of the WC Act that may be used to seek penalties under Section 435(d), 77 P.S. § 991(d). *Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger)*, 38 A.3d 1037, 1046-47 (Pa. Cmwlth. 2011) (quoting *Farance v. Workers' Comp. Appeal Bd. (Marino Bros., Inc.)*, 774 A.2d 785, 789 (Pa. Cmwlth. 2001)). However, "[i]t is axiomatic that an employer is **only liable** for payment of benefits **arising out of work-related injuries**." *McDonnell Douglas Truck Servs. v. Workmen's Comp. Appeal Bd. (Feldman)*, 655 A.2d 655, 657 (Pa. Cmwlth. 1995) (emphasis added). This applies to "both compensation benefits and the reimbursement of medical expenses." *Id.*

Here, Claimant's accepted work injury, as Claimant acknowledged before the WCJ and, as reflected in the C & R Agreement into which Claimant voluntarily entered, is "**right shoulder impingement**." (C.R. Item 11 at 22-24, R.R. at 27-29; C.R. Item 26, R.R. at 184-89 (emphasis added).) The condition upon which Claimant's medical marijuana certification and recertification were based was "**G54.3 Thoracic root disorders, not elsewhere classified**." (C.R. Item 18 at 2,

---

[13] Section 435(d) of the WC Act authorizes the imposition of penalties "for violations of the provisions of this act or such rules and regulations or rules of procedure." 77 P.S. § 991(d). Section 435(d) was added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended*.

R.R. at 86; C.R. Item 19 at 2, R.R. at 111 (emphasis added).) Claimant's accepted work injury is **not** thoracic root disorder, which Claimant's counsel acknowledged during oral argument. Further, as Employer points out, "shoulder impingement" is not one of the serious medical conditions identified in the MMA upon which a medical marijuana certification may be issued. *See* Sections 103 and 403(a)(2) of the MMA, 35 P.S. §§ 10231.103 (defining "serious medical condition"), 10231.403(a)(2) (including in the conditions for issuance of a certification the requirement "that the patient has a serious medical condition"). Because Employer is only liable for medical expenses that arise out of Claimant's right shoulder impingement, and the medical marijuana certification and Claimant's purchases of medical marijuana did not so arise, Employer was not obligated to reimburse Claimant for those expenses. *McDonnell Douglas Truck Servs.*, 655 A.2d at 657. As Employer had no obligation to reimburse Claimant for the medical marijuana, its denial of Claimant's reimbursement requests did not violate the WC Act.

Accordingly, we affirm the Board's Order upholding the denial of the Petition, although with different reasoning than the Board.

_____
**RENÉE COHN JUBELIRER,** President Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Ambrogio,            :
           Petitioner     :
                      :
        v.             :    No. 236 C.D. 2021
                      :
Pocono Mountain School District  :
and Inservco Insurance Services, Inc.  :
(Workers' Compensation Appeal  :
Board),                    :
           Respondents  :

## O R D E R

**NOW**, June 29, 2022, the Order of the Workers' Compensation Appeal Board, entered in the above-captioned matter, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** President Judge